70 F.3d 120
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chaker SUIDAN, Plaintiff-Appellant,
v.
COUNTY OF SAN DIEGO; Superior Court of California County of
San Diego; Kenneth E. Martone, Defendants-Appellees.
 No. 93-56357.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 8, 1995.
Decided Nov. 6, 1995.
 
 Before: WALLACE, Chief Judge, HUG, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Chaker Suidan appeals the district court's grant of summary judgment in favor of the defendants on his action under 42 U.S.C. Sec. 1983. Suidan alleges he was wrongfully terminated in violation of his rights to due process and equal protection under the Fourteenth Amendment. Suidan further alleges that his termination violated the controlling state statute as well as an implied contract and a covenant of good faith and fair dealing. Finally, Suidan alleges his entitlement to indemnification for costs he incurred defending a criminal action brought against him. We conclude that Suidan's termination violated state statutory law and, accordingly, reverse the district court on that issue. We affirm the district court on the indemnification issue.
 
 FACTS
 
 3
 Chaker Suidan was hired in 1974 as an accountant for the County Clerk's Office of San Diego County ("County"). In 1979, he was promoted to Senior Accountant and served as Chief of the Downtown Accounting Division. As Senior Accountant, Suidan was responsible for developing and implementing accounting procedures for the Accounting Division. As a county employee, Suidan enjoyed Civil Service protection. In January 1990, however, the County transferred control of the Superior Court Accounting Division to the Administrative Services Department of the Superior Court itself. This transfer affected nearly 300 employees, including Suidan, and involved the voluntary relinquishment of Civil Service protection in favor of California Government Code Sec. 69904. Section 69904 states:
 
 
 4
 All personnel appointed by the judges pursuant to this or any other section shall be exempt from civil service and shall be attaches of the court. They shall serve at the pleasure of a majority of the judges of the court and may at any time be removed by the majority of the judges in their discretion.... [I]n accordance with personnel regulations adopted by a majority of the judges, such personnel shall be entitled to step advancement, vacation, sick leave, holiday benefits, other leaves of absence, and other benefits, including participation in the county's tuition refund and suggestion award programs....
 
 
 5
 (emphasis added.)
 
 
 6
 In 1989, before the County transferred the Accounting Division to the Superior Court, an internal audit was initiated that revealed irregularities in the control procedures for funds received through the Accounting Division. Kenneth Martone, the Executive Officer and County Clerk of the Superior Court of San Diego County, was advised of the audit on January 4, 1990. Shortly thereafter, Suidan and the other employees of the Accounting Division were transferred to the Administrative Services Division of the Superior Court. As Executive Officer, Martone was, pursuant to Superior Court Personnel Rule 4.3, delegated the responsibility for discipline and removal of all court employees except himself and Juvenile Court Referees.
 
 
 7
 On April 26, 1990, the auditors gave Martone their final report. The report noted numerous deficiencies in accounting controls established by Suidan and that the division had not implemented at least 13 of 17 recommendations made in earlier audits. The auditors also notified Martone that they had referred the matter to the San Diego District Attorney for possible criminal action. On January 29, 1991, the District Attorney completed its investigation and indicted Suidan for embezzlement of public monies and fraudulent appropriation by a public officer. On February 4, 1991, Martone placed Suidan on leave pending possible removal pursuant to Superior Court Personnel Rule 9.3.7. Martone served Suidan an official Order of Removal on March 14, 1991, terminating his employment as of 5:00 p.m. that day. The criminal charges proceeded to trial following which a jury acquitted Suidan of all charges against him in December 1991.
 
 
 8
 In December 1992, the County held a termination review hearing before an appointed review officer. The review officer recommended upholding Martone's decision to terminate Suidan. In January 1993, the Court's Personnel Committee entered its final decision, upholding Suidan's termination. In September 1993, Suidan filed suit in federal district court under 42 U.S.C. Sec. 1983, alleging that his termination deprived him of a property right and a liberty interest without due process of law; that he was discriminated against in violation of the Equal Protection Clause of the Fourteenth Amendment; that the County's actions violated the state statute and breached an implied contract and a covenant of good faith and fair dealing; and that the County had failed to indemnify him for the costs of his criminal defense. Suidan's allegations survived an initial motion to dismiss for failure to state a claim, but did not survive the defendants' later motion for summary judgment.
 
 
 9
 Suidan appeals. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 STANDARD OF REVIEW
 
 10
 We review de novo a district court's decision to grant summary judgment. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id. We do not weigh the evidence or determine the truth of the matters asserted--we merely determine, assuming the truth of the nonmoving party's evidence, whether there is a genuine issue for trial. Id. Our ultimate inquiry, therefore, "is to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir.1987).
 
 I. California Government Code Sec. 69904
 
 11
 "Under California law, the terms of public employment are governed entirely by statute...." Portman v. County of Santa Clara, 995 F.2d 898, 905 (9th Cir.1993). California Government Code Sec. 69904 is the relevant statute governing employment for the superior courts. The statute clearly states that "[a]ll personnel appointed by the judges ... shall serve at the pleasure of a majority of the judges of the court and may at any time be removed by the majority of the judges in their discretion." (emphasis added). Thus, while this section defines the "at-will" nature of court employment, it also creates a statutory right to be removed only by the exercise of discretion of a majority of the judges. Suidan argues that the County violated this right when the court's Executive Officer, Kenneth Martone, acted unilaterally to terminate Suidan's employment.
 
 
 12
 In addressing this claim, the district court held that Martone's actions were authorized under Rule 207 of the California Rules of Court. Rule 207 states that the Executive Officer shall:
 
 
 13
 (1) supervise the court's staff and ... administer a court approved personnel plan or merit system for ... wage and job classification, recruitment, selection, training, promotion, discipline, and removal of employees of the court....
 
 
 14
 Thus, this rule permits an Executive Officer to supervise and administer personnel plans approved by the court. In the present case, the Superior Court for the County of San Diego adopted and approved such a plan. Under Rule 4.3 of this plan, the Executive Officer was delegated the responsibility for discipline and removal of all employees except juvenile court referees and the Executive Officer. The district court concluded that Martone had been properly delegated the power to terminate employees and that his actions in terminating Suidan did not exceed the scope of that delegated authority. We disagree.
 
 
 15
 Although Rule 207 permits the Executive Officer to supervise and administer court-approved personnel plans, the plans themselves cannot violate a statute. In this case, Government Code Sec. 69904 states that all personnel appointed by the court shall serve at the pleasure of a majority of the judges and may be removed by the majority of the judges in their discretion. The statute does not, however, state that employees serve at the pleasure of the Executive Officer and may be removed by him in his discretion. The court may certainly adopt a personnel plan that facilitates removal of employees by a majority of the judges and that plan could surely be supervised and administered by the Executive Officer. But the court may not adopt a plan that ignores the statutory requirement and delegates to the Executive Officer the discretion to remove an employee when the statute specifies that this is to be exercised by a majority of the judges. That is what the court-approved personnel plan does in this case. The fact that a majority of the judges at some time in the past adopted a personnel plan that delegated this discretion does not fulfill the statutory requirement that removal of an employee be through the exercise of discretion of the majority of the judges.
 
 
 16
 The County has failed to establish in its motion for summary judgment that a majority of the judges ever exercised their discretion to terminate Suidan's employment. Unless they did so, his termination violated California Government Code Sec. 69904. We, therefore, reverse the summary judgment and remand to the district court. In light of our holding on the statutory violation, we need not reach Suidan's constitutional due process or other state law contract claims.
 
 II. Indemnification
 
 17
 Suidan contends that the district court erred by granting summary judgment on his claim that California Labor Code Sec. 2802 entitles him to indemnification for expenses incurred while defending himself in the criminal action. Notwithstanding section 2802, public entities in California "are not required to reimburse their employees for criminal defense costs incurred successfully defending against criminal charges arising out of conduct within the course and scope of employment." Los Angeles Police Protective League v. City of Los Angeles, 32 Cal.Rptr.2d 574, 582 (Ct.App.1994); see also Cal.Gov't Code Sec. 995.8 ("A public entity is not required to provide for the defense of a criminal action or proceeding ... brought against an employee or former employee...."). Accordingly, the district court properly granted summary judgment for the defendants on this issue.
 
 
 18
 AFFIRMED in part, REVERSED in part, and REMANDED.
 
 
 19
 WALLACE, Chief Judge, concurring and dissenting:
 
 
 20
 I agree with the majority that Suidan's indemnification claim was properly rejected. However, the majority, without a single citation, holds that California Superior Court judges are forbidden from delegating their removal power to their Executive Officer. Implicit in the majority's disposition is that this delegation, coupled with the Executive Officer's removal of Suidan, somehow violated Suidan's rights. I disagree, and would affirm the district court's summary judgment on Suidan's contract claims as well as his due process, equal protection, and indemnification claims.
 
 
 21
 The majority interprets California Government Code Sec. 69904 as prohibiting the Superior Court's Executive Officer from having the delegated power to remove court employees. Section 69904 places all court personnel "at the pleasure of a majority of the judges," and also authorizes a majority of judges to remove court personnel at-will. However, California Rule of Court 207 authorizes the Executive Officer, pursuant to an approved personnel plan, to remove court employees. The Executive Officer who removed Suidan acted pursuant to such a personnel rule, which states that an employee in Suidan's position "may be removed by the Executive Officer." Superior Court of San Diego Personnel Rule 4.3. The majority holds, however, that "the court may not adopt a plan that ... delegates to the Executive Officer the discretion to remove an employee." Majority at 7. This holding directly contradicts California Government Code Sec. 69898, which enables the court to delegate its duties to the Executive Officer:
 
 
 22
 Any superior court may appoint an executive officer who ... shall exercise such administrative powers and perform such other duties as may be required of him by the court. The court ... may delegate to him any administrative powers and duties required to be exercised by the court.
 
 
 23
 (Emphasis added.) There is no way to interpret this statute except to conclude that the court's (i.e., the judges') power to remove an employee may be delegated to the Executive Officer.
 
 
 24
 Suidan's employment relationship with the court was, as a matter of California law, governed solely by statute and not by contract. Portman v. County of Santa Clara, 995 F.2d 898, 904 (9th Cir.1993) (Portman). Because the delegation of authority was pursuant to the statutes governing Suidan's relationship, it is impossible for Suidan to prevail on his claim for breach of an implied-in-fact contract to terminate him only for good cause. See id. at 905. In addition, because no contractual relationship could have existed under California law, it is also impossible for him to prevail on his claim for breach of the implied covenant of good faith and fair dealing. Flait v. North American Watch Corp., 3 Cal.App.4th 467, 481 (1992). The district court properly entered summary judgment on these claims.
 
 
 25
 The majority did not need to get to Suidan's other arguments. I do, but I would reject them.
 
 
 26
 He contends that the termination of his employment with the Superior Court deprived him of property without due process in violation of the Fourteenth Amendment. California Government Code Sec. 69904(b) provides that superior court employees "serve at the pleasure of a majority of the judges of the court and may at any time be removed by the majority of the judges in their discretion." A public employee serving "at the pleasure of" the appointing authority is subject to removal without good cause. Bogacki v. Board of Supervisors of Riverside County, 5 Cal.3d 771, 783 (1971), cert. denied, 405 U.S. 1030 (1972). Because Suidan was an at-will employee of the Superior Court by statute, he had no property interest in his job. Thus, the district court properly entered summary judgment against Suidan on this claim.
 
 
 27
 Suidan also alleges that he was deprived of liberty without due process in violation of the Fourteenth Amendment. When a person's good name, reputation, honor, or standing in the community are so seriously impaired by charges made by a government employer in connection with the termination of employment that he may be precluded from obtaining other employment, the person's right to liberty may be implicated. Portman, 995 F.2d at 907.
 
 
 28
 The district court concluded, however, that Suidan had failed to show lack of process. Suidan argues that the hearing he was offered was inadequate because it was post-termination rather than pre-termination, and because it could only lead to a report that would be placed in his personnel file. However, due process does not necessarily require that the name-clearing hearing be held before termination. Rankin v. Independent Sch. Dist. No. I-3, 876 F.2d 838, 842 (10th Cir.1989) (name clearing hearing may be provided after dissemination of allegedly defamatory information), cert. denied, 444 U.S. 1068 (1991); Rodriguez de Quinonez v. Perez, 596 F.2d 486, 490-91 (1st Cir.) (post-termination hearing is constitutionally adequate), cert. denied, 444 U.S. 840 (1979). I agree with the district court that the prompt post-termination hearing made available by the court provided Suidan with a constitutionally adequate opportunity to clear his name. Thus, Suidan is legally unable to prevail on this claim and summary judgment was appropriate.
 
 
 29
 Suidan contends that he was terminated because he is of foreign nationality (Palestinian). Because Suidan presented no substantial, probative evidence of discriminatory motive, the district court properly entered summary judgment on this claim also.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3